UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GREGORY JOHN SMITH, )
 )
        Plaintiff, )
 )
v. ) No.: 3:05-CV-386
 ) (VARLAN)
TENNESSEE VALLEY AUTHORITY, )
 )
        Defendant. )

## MEMORANDUM & ORDER

Plaintiff alleges that he suffered damages in a collision with a defendant vehicle as a result of defendant's alleged negligence. This civil action is before the Court for consideration of defendant's motion to strike plaintiff's jury demand [Doc. 7]. Defendant argues that the Seventh Amendment does not grant a right to a jury trial against federal government agencies, and defendant, although subject to suit under its authorizing statute, nevertheless is corporate agency and instrumentality of the United States. *See* Doc. 8 at 1-2. Plaintiff has not responded to or otherwise opposed the instant motion, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

As the Court explained in *Jones-Hailey v. Tennessee Valley Auth.*, 660 F. Supp. 551 (E.D. Tenn. 1987):

> There is no Seventh Amendment right to a jury trial in suits against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). The federal government is immune from suit except to

> the extent it consents to be sued and then only on the narrowly construed terms to which it consented. *Id.* at 160-61, 101 S.Ct. at 2701; *Blackburn v. Comm'r of Internal Revenue*, 681 F.2d 461, 462 (6th Cir. 1982). The *Lehman* Court held that for a plaintiff to have a right to a jury trial in actions against the United States, Congress must not only have unequivocally waived the government's immunity to suit under the cause of action involved but must also have unambiguously granted the right to jury trials for that particular cause of action. *Lehman*, 453 [U.S.] at 168-69, 101 S.Ct. at 2706. In *Lehman*, the Court found that the plaintiff did not have a right to a jury trial in an action against the United States under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34, because that statute did not include a clear, congressional expression of intent to permit juries in such actions. 453 U.S. at 168, 101 S.Ct. at 2705. The *Lehman* Court required an affirmative, statutory grant of the right to a jury in suits against the government in view of Congress' "normal practice of not providing a right to trial by jury when it waived the sovereign immunity of the United States." *Id.* at 168-69, 101 S.Ct. at 2706.

*Jones-Hailey*, 660 F. Supp. at 552. Thus, for plaintiff to be entitled to a jury in the present case, the Court would have to find that Congress unequivocally waived the government's sovereign immunity with respect to negligence suits against defendant and that Congress expressly granted the right to a jury trial in negligence suits against defendant. *See id.*; *Lehman*, 453 U.S. at 161.

The Tennessee Valley Authority ("TVA") is a "wholly-owned corporate agency and instrumentality of the United States . . . ." *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1333 (6th Cir. 1995). TVA does not enjoy sovereign immunity because Congress "provided expressly that the TVA may be sued" for personal injury and property damage. *Queen v. Tennessee Valley Auth.*, 689 F.2d 80, 85 (6 Cir.1982); *see* 16 U.S.C. § 831c. Although TVA is subject to suit, Congress did not abrogate its status as a government entity, and the TVA Act, 16 U.S.C. §§ 831-831ee, does not contain an express grant of a right to trial by jury in

2

negligence actions against TVA. "In the absence of any clear statutory grant of the right to jury trials, none is available." *Jones-Hailey*, 660 F. Supp. at 552.

Accordingly, for the reasons just discussed, the Court hereby **GRANTS** defendant's motion to strike plaintiff's jury demand [Doc. 7].

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE